UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GRANT LESLIE WASHAM,

    Plaintiff,

    v.

T. HENDERSON, et. al.,

    Defendant.

No. C 13-4957 EDL (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, a detainee at Lake County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. His original complaint was dismissed with leave to amend and he has filed an amended complaint.[1]

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

---

[1] Plaintiff has filed four actions in this court in the past month and some of the actions have overlapping claims.

grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).  Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .   Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff states that jail officials have obstructed his efforts to pursue legal actions by taking some of his legal papers.

Prisoners have a constitutional right of access to the courts.  *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).  To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 350-55.  To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  *See id.* at 354-55.

Once a prisoner identifies the inadequacy in the program (e.g., law library or legal assistant), he must demonstrate that the alleged shortcomings in the program caused him an actual injury by hindering his efforts to pursue a legal claim. *See Lewis*, 518 U.S. at 351. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. *See id.*; *see, e.g., Hebbe v. Pliler*, 627 F.3d 338, 343 (9th Cir. 2010) (plaintiff demonstrated that denying him law library access while on lockdown resulted in "actual injury" because he was prevented from appealing his conviction); *Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (agreeing with district court that prisoner "did not allege injury, such as inability to file a complaint or defend against a charge, stemming from the restrictions on his access to the law library"). Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. *See Hudson v. Robinson*, 678 F.2d 462, 466 (3d Cir. 1982).

With respect to a claim regarding active interference by prison officials, a prisoner alleges an actual injury if, as a result of the defendants' alleged actions, his pending suit was dismissed. *See Silva v. Di Vittorio*, 658 F.3d 1090, 1103-04 (9th Cir. 2011). Actual injury is a jurisdictional requirement that flows from the standing doctrine and may not be waived. *Nevada Dep't of Corrections v. Greene*, 648 F.3d 1014, 1018 (9th Cir. 2011) (citing Lewis, 518 U.S. at 349). It is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348.

Destruction or confiscation of legal work may violate an inmate's right to access to the courts, *see Vigliotto v. Terry*, 873 F.2d 1201, 1202 (9th Cir. 1989), if plaintiff can establish actual injury, *see Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989).

3

Plaintiff states that defendant Henderson took into her possession a stack of legal mail, it seems for photocopying, that plaintiff has not received back. Some of the documents consisted of financial records related to plaintiff's mother being the victim of identity theft. As these documents do not concern plaintiff's conviction or conditions of confinement, this aspect of his claim is dismissed. The other legal documents concern plaintiff's arrest and alleged excessive force used by police officers. There were statements and names and addresses of witnesses to the incident. Plaintiff states he does not know the contact information for the witnesses, and while it seems his ex-girlfriend may have this information, she now has no connection to plaintiff.

While plaintiff has followed the court's instructions in providing more information regarding the documents, he has not described if he was in the midst of any legal action and if he suffered any legal injury in pursuing a legal action or why he cannot proceed with another case. It does not appear that any case was dismissed or plaintiff suffered any setback. On December 16, 2013, plaintiff filed a civil rights action in this court that appears to be this excessive force claim. *See* No. C 13-5825 EDL (PR). The amended complaint in this action will be dismissed with leave to amend so plaintiff can attempt to establish an actual legal injury as described above.

## CONCLUSION

1. The amended complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this order and the words SECOND AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this action.

4

2. The motion to proceed in forma pauperis (Docket No. 14) is **DENIED** as moot.

3. It is the plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: January 14 , 2014.

_____
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

G:\PRO-SE\EDL\CR.13\Washam4957.dwlta2.wpd

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

GRANT WASHAM,

        Plaintiff,

  v.

LAKE COUNTY SHERIFFS JAIL et al,

        Defendant.
                                         /

Case Number: CV13-04957 EDL

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 15, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Grant Leslie Washam #37933
L.C.S.O. Sheriff's Jail
4913 Helbush Dr.
Lakeport, CA 95453

Dated: January 15, 2014

                                      Richard W. Wieking, Clerk
                                      By: Lisa R Clark, Deputy Clerk